United States District Court
Southern District of Illinois

TYRONE SMITH                          CASE NO. 19-637-SMY
        Plaintiff


        v.


JOHN BALDWIN,                    SCANNED AT MENARD and E-mailed
LASHBROOK,                       6-12-19   by PS   59  pages
                                  date      initials   No.
KENT BROOKMAN,
JASON HART,
BYRON MITCHELL,
    JOHN DOE #1
JOHN DOE #2, JOHN DOE #3
FRANK LAWRENCE
WEXFORD HEALTH SOURCES, INC.


        DEFENDANTS


        U.S.C. 1983 Complaint


Plaintiff: TYRONE SMITH # N-01634
P.O. BOX 1000 MENARD, IL. 62259 - MENARD CORR.
CTR.

                    (1.)

DEFENDANTS:

A.) JOHN BALDWIN — ACTING DIRECTOR

B.) JACQUELINE LASHBROOK — EX-WARDEN

C.) KENT BROOKMAN — ADJUSTMENT COMMITTEE CHAIRPERSON

D.) JASON HART — COMMITTEE MEMBER

E.) BYRON MITCHELL — OFFICER — INCIDENT OFFICER

F.) JOHN DOE #1 — MAJOR OF NORTH 2 CELL HOUSE

G.) JOHN DOE #2 SGT. OF NORTH 2 CELL HOUSE

H.) JOHN DOE #3 PROPERTY OFFICER NORTH 2 CELL HOUSE

I.) FRANK LAWRENCE — ACTING WARDEN

J.) WEXFORD HEALTH SOURCES INC. — HEALTH CARE PROVIDERS

K.) JOHN DOE #4 — GALLERY OFFICER NORTH 2 CELL HOUSE

## GRIEVANCE PROCESS

Plaintiff HAS WRITTEN GRIEVANCES & SENT THEM TO
THE APPROPRIATE PEOPLE TO EXHAUST HIS ADMINISTRATIVE
REMEDIES & AVAILABLE REMEDIES. HE'S DID EVERYTHING
THAT THE RULE BOOK TOLD HIM TO DO TO PUT DEFENDANTS
ON NOTICE ABOUT THESE PROBLEMS WITH THE
GRIEVANCE PROCESS.

# PREVIOUS LAWSUITS

(3.)

Statement of Claims

# Claim # 1    Violation of Due Process Rights With Adjustment Committee Hearing

1.) Plaintiff While Housed At The Stateville Correctional Center Plaintiff Was Written A Disciplinary Ticket On January 14th 2018 That first Placed Him Under Investigation status for The safety & Security of The Institution... This Ticket Was Written By H. Shalabi Badge # 3861 (Exhibit-A) Plaintiff Was Placed On Segregation, Witnessed By V. Perez

2.) On January 15th 2018 Plaintiff Was Written A Disciplinary Ticket That Charged Him With 203: Drugs & Drug Paraphernalia, & 311- failure To Submit To Medical Or forensic Tests... That Was Written By H. Shalabi # 3861 (Exhibit-B) & Witnessed V. Perez Again.

3.) Plaintiff Went To The Adjustment Committee On January 23rd 2018 After He Had Been Transfered To The Menard Correctional Center & The Committee Consisting of Brookman & Hart found Plaintiff Not

(4.)

GUILTY & RECOMMENDED THAT THE TICKET DATED 1/14/12 BE EXPUNGED & THE TICKET DISMISSED. (EXHIBIT-C) THIS COMMITTEE SUMMARY WAS SIGNED OFF ON BY THEN WARDEN LASHBROOK.

4.) PLAINTIFF WAS ALSO WRITTEN ANOTHER DISCIPLINARY TICKET ON 1/14/18 IN WHICH HE WAS CHARGED WITH THE EXACT SAME OFFENSES... 203 & 311 & THE COMMITTEE CONSISTING OF BROOKMAN & HART ON 2/15/18 AGAIN RECOMMENDED THAT THIS BE EXPUNGED (EXHIBIT-D) & AGAIN SIGNED OFF ON BY THEN WARDEN LASHBROOK.

5.) PLAINTIFF WAS RELEASED OUT OF SEGREGATION WITH THE EXPUNGEMENT OF THE DISCIPLINARY TICKETS BY THE ADJUSTMENT COMMITTEE.

6.) WHILE HOUSED IN SEG DURING THIS TIME PLAINTIFF WAS DENIED CLEANING SUPPLIES TO ADEQUATELY CLEAN HIS CELL WHICH WAS FILTHY & HAD NOT BEEN CLEANED OUT BEFORE PLAINTIFF WAS PLACED INTO THE CELL... THE MATTRESS WAS OPEN & THE STUFFING INSIDE OF THE MATTRESS WAS MOIST WITH WHAT SMELLED LIKE URINE, A DENT WAS IN THE BUNK CAUSING PLAINTIFF'S BACK TO HURT, MOLD WAS IN THE CELL ON THE WALLS & HE WAS FORCED TO BREATH IN

(5.)

These mold spores that caused him to sneeze constantly
& made it hard for him to breath; his eyes water, & gave
him headaches. He couldn't clean the sink nor the toilet
the floor nor the walls of the cell which were all
filthy.

7.) Plaintiff was then written another disciplinary
ticket on 5/8/18 by defendant Byron Mitchell who wrote
Plaintiff up for the exact same offense 203 drugs; drug
paraphanalia & 310 abuse of privledges... These
charges arose from the same set of circumstances
that resulted in (2) prior disciplinary tickets that
were written on 1/14/18 & dismissed & expunged from
his record (Exhibit-C-D).

8.) The ticket that was written on 5/8/18 by
Mitchell & now the alleged incident was witnessed
by J. Starkey (Exhibit-E)

9.) How can this same incident be written up on
two prior diffent occassions & plaintiff had both
tickets dismissed & expunged ... The prior tickets
were written by Hany B. Shalabi & witnessed by
Victor M. Perez based on the alleged incidents

(6.)

That took place on 1/14/18 ; on 5/8/18 Plaintiff was Written A Ticket By Byron Mitchell ; Witnessed By J. Starkey from ~~the same~~ ALLEGED Incident That Happend on 1/14/18 four months prior.

10.) On 5/15/18 Plaintiff Went Before The Adjustment committee Which Consisted of Defendants Brookman ; Hart Who Had Dismissed Plaintiff's (2) other Disciplinary Tickets Based on This Exact Same incident ; Charge of 203.

11.) Plaintiff went into The Adjustment committee ; Let Brookman ; Hart Know That This incident Happend in January 2018 ; That per The IDOC Rules A Ticket Must Be Written 3 Days After The incident Has Taken Place ; 8 Days To Serve The Ticket After it Has Been Written ; 14 Days To Hear The Ticket... The only Change in Those Rules is if There is An investigation Done ; Then They Have 30 Days To Write A Ticket or Let The inmate out of Seg.

12.) Brookman ; Hart Were Made Aware That The 5/8/18 Ticket Was Written About An Incident

(7.)

That took place in January 2018 ; That per the IDOC Rules this ticket was four months late ; out of the timeframe that IDOC has given officers to write a disciplinary ticket ; That they personally dismissed on 1/23/18 = on 2/15/18 (Exhibit-C-D) But Defendants in direct violation of the Rules of the Committee by not looking into Plaintiff's Response found him guilty of 203 ; Recommended 6 month Segregation, 6 months C-grade, 6 months Commissary Restriction, ; 6 month visit Restriction in which Defendant Lashbrook signed off on ; Approved it.

13.) Brookman ; Hart placed the ticket as the basis for their Decision to find plaintiff guilty ; said finds inmate guilty based on information provided ; accept the written Report to be factual account of the incident ; is satisfied the violations occurred as Reported, officer Starkey witnessed the incident ; stated IOR is correct as written. But on 1/23/18 ; 2/15/18 this same ticket was Dismissed ; expunged by these same two Defendants that was written by Shulab? ; witnessed by Perez.

(8.)

14.) DEFENDANTS VIOLATED HIS DUE PROCESS RIGHTS BY FINDING HIM GUILTY FOR A TICKET THAT WAS PREVIOUSLY DISMISSED ON TWO DIFFERENT OCCASSIONS & THAT WAS WRITTEN 4 MONTHS OUT OF DATE/TIME FRAME & FOR NOT LOOKING INTO PLAINTIFF'S STORY OF WHAT HAPPEND & HOW THEY HAD ALREADY EXPUNGED & DISMISSED THIS EXACT SAME TICKET & INCIDENT.

15.) PLAINTIFF WROTE A GRIEVANCE & THE ADMINISTRATIVE REVIEW BOARD SAID THE MENARD ADJUSTMENT COMMITTEE VIOLATED THE DUE PROCESS SAFEGUARDS OUTLINED IN THE DR. 504 & THE TICKET IS EXPUNGED DUE TO NONE COMPLIANCE WITH DR. 504.30. (EXHIBIT-F)

CLAIM #2 — VIOLATION OF DUE PROCESS BY ALLOWING AN ENVIRONMENT TO EXIST WHERE THE ADJUSTMENT COMMITTEE DOES NOT FOLLOW THE DR 504 RULES & THEY HAVE AN UNWRITTEN POLICY OF FINDING 90% OF ALL INMATES THAT COME TO THE COMMITTEE GUILTY — BIASED & IMPARTIAL FACT FINDERS...

(9.)

16.) DEFENDANTS BALDWIN, LASHBROOK, LAWRENCE HAVE BEEN INFORMED ON AT LEAST 100 DIFFERENT OCCASSIONS BY PLAINTIFF & OTHER SIMILAR SITUATED INMATES BY WAY OF GRIEVANCES, LETTERS & LAWSUITS THAT THE MENARD ADJUSTMENT COMMITTEE THATS MADE UP OF DEFENDANTS BROOKMAN & HART WERE BIASED TOWARDS THEM & FAILED TO BE IMPARTIAL IN HOW THEY HEARD THEIR DISCIPLINARY TICKET ... THESE DEFENDANTS REFUSED TO CALL WITNESSES, INVESTIGATE THE SITUATION OUTSIDE OF WHAT THE OFFICER SAID IN THE TICKET, FAILED TO GIVE A BASES FOR THEIR DECISION LIKE THE DR. 504 ORDERS THEM TO DO.

17.) DEFENDANTS REFUSED TO LOOK INTO THE CLAIMS THAT THE COMMITTEE WAS BIASED & THAT THE HEARING INVESTIGATOR WAS NOT USED TO INVESTIGATE THE CLAIMS OF THE TICKET & THAT THE CHARGES OF THE TICKET WAS NOT SUBSTANTIATED LIKE THE DR. 504 TELLS THE COMMITTEE TO DO.

18.) DEFENDANTS DELIBERATELY TURNED A BLINDEYE TO AN ENVIRONMENT THAT THEY KNEW EXISTED WHERE THE DEFENDANTS BROOKMAN & HART WERE JUST FINDING INMATES GUILTY BECAUSE THEY HAD BEEN WRITTEN UP BY ANOTHER OFFICER & NOT SUBSTANTIATING THE CHARGES

(10.)

Like The Rules ORDERS Them To Comply With Before Finding The Inmate Guilty Of A Rule Infraction.

19.) Baldwin, Lashbrook, Lawrence All Know That These Unconstitutional Practices Were Being Used By This Adjustment Committee (Brookman & Hart) To Deliberately Violate Plaintiff's Due Process Rights Along With The Other Similar Situated Inmates That Had Their Disciplinary Tickets Heard By This Adjustment Committee.

20.) It Was Stated By Several Officers That The Adjustment Committee Had An Unwritten Policy To Find 90% Of The Inmates That They See Guilty & This Shows Defendants Cannot Possibly Be Impartial As Is Required By IDOC/Menard.

21.) The Case Chavis v. Rowe Was Filed & Put IDOC/Menard On Notice That The Committee Was Violating Inmates Due Process Rights & So From This Case IDOC Amended Their Rules Governing The Adjustment Committee Procedures & Ordered That The Committee Must Be Able To Substantiate The Charges That The Inmate Is Charged With Having Committed, So It Is Clear That Defendants Baldwin, Lashbrook, & Lawrence

(11.)



HAD AN OBLIGATION TO ADEQUATELY TRAIN & SUPERVISE THE DEFENDANTS (BROOKMAN & HART) WHO RUN THE ADJUSTMENT COMMITTEE TO MAKE SURE THAT THEY KNOW WHAT THEIR JOB OR ASSIGNMENT IS & WHAT IS EXPECTED OF THEM IN THIS JOB TITLE, SO ... IF DEFENDANTS ARE NOT DOING THEIR JOBS LIKE THEY'VE BEEN TOLD/TRAINED TO DO IT, DEFENDANTS BALDWIN, LASHBROOK & LAWRENCE HAVE AN OBLIGATION TO LOOK INTO THE CLAIMS THAT THE MEMBERS OF THE COMMITTEE ARE BIASED & NOT ABLE TO BE IMPARTIAL ......& THESE DEFENDANTS DID NOT LOOK INTO THE CLAIMS & TURNED A BLIND EYE TO THE DUE PROCESS RIGHTS VIOLATIONS THAT DEFENDANTS BROOKMAN & HART WERE COMMITTING.

22.) DEFENDANT MITCHELL WROTE THE EXACT SAME TICKET ON 5/8/18 THAT WAS WRITTEN ON 1/14/18 BY C-O SKALABI THAT HAD BEEN DISMISSED & EXPUNGED BY DEFENDANTS BROOKMAN & HART ON 1/23/18 & 2/15/18 ... SO THIS OFFICER (MITCHELL) DELIBERATELY FABRICATED CHARGES AGAINST PLAINTIFF KNOWING THAT HE WOULD BE PLACED INTO SEG. & THE COMMITTEE DID NOT INVESTIGATE WHAT THE TICKET STATED THAT PLAINTIFF HAD ALLEGEDLY DONE NOR DID THEY SUBSTANTIATE THE CHARGES LIKE THE PROCEDURE TELLS THEM TO DO & THIS VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS .........

(12.)

# CLAIM #3 — CONDITIONS OF CONFINEMENT OF SEGERGATION THAT SUBJECTED PLAINTIFF TO 8TH AMENDMENT VIOLATION — CRUEL & UNUSUAL PUNISHMENT...

23.) Plaintiff WAS Sent TO SEGERGATION AS A DIRECT Result OF Defendant Mitchell Writing A FALSE Disciplinary Ticket ON HiM & He WAS GIVEN 6 Months SEGERGATION FOR THIS FALSE Disciplinary Report BY THE Adjustment Committee (BROOKMAN & HART) That violated His Due PROCESS Rights By Not following THE PROCEDURAL Due PROCESS SAFEGUARDS OUTLINED IN THE DR 504... WHICH INCLUDED INVESTIGATING THE CIRCUMSTANCES OF THE Ticket & SUBSTANTIATING THE CHARGES & THEY (BROOKMAN & HART) DID NOT DO THESE THINGS AS IS THE RULES (EXHIBIT-f) STATE THEY WERE SUPPOSE TO DO.

24.) THESE DEFENDANTS DELIBERATELY VIOLATED THE RULES AS THEY KNEW THEM TO BE & THEY KNEW THAT BY VIOLATING THESE RULES THAT PLAINTIFF WOULD BE PLACED INTO THE NORTH 2 SEGERGATION UNIT WHICH WOULD SUBJECT PLAINTIFF TO A MORE HARSHER & CRUELER

(13.)

PUNISHMENT THAT WAS KNOWN TO INTENTIONALLY DENY INMATES SUCH AS PLAINTIFF THEIR BASIC NECESSITIES OF LIFE IN DIRECT VIOLATION OF THE 8TH AMENDMENTS.

25.) PLAINTIFF WAS SENT TO SEGERGATION WHERE HE WAS DENIED HIS PERSONAL PROPERTY — SUCH AS HIS SHEETS, SOAP, BATH TOWEL, FACE TOWEL, TOOTH BRUSH, UNDERWARE, SOCKS, T-SHIRTS; THIS DENIED HIM AN OPPORTUNITY TO WASH UP & CLEAN HIMSELF UP... HE WAS FORCED TO SIT IN THE CELL SMELLING FOUL & MUSTY FOR OVER THREE DAYS WITHOUT BEING ABLE TO TAKE CARE OF HIS PERSONAL HYIEGENE.

26.) PLAINTIFF SPOKE WITH THE GALLERY OFFICER (JOHN DOE #4) ON SEVERAL DIFFERENT OCCASSIONS & NOTIFIED HIM THAT HE DID NOT HAVE THE LISTED ITEMS THAT HE NEEDED TO TAKE CARE OF HIS PERSONAL HYGIENE; PLAINTIFF WAS TOLD THAT HE WOULD HAVE TO WAIT UNTIL THE PROPERTY ROOM OFFICER (JOHN DOE #3) SORTED OUT HIS PROPERTY WHICH COULD TAKE UP TO 3 WEEKS.

27.) PLAINTIFF WAS WITHOUT HIS PROPERTY SO HE WROTE LETTERS TO (JOHN DOE #1) MAJOR OF NORTH 2, (JOHN DOE #2) THE SGT. OF NORTH 2, (JOHN DOE #3) PROPERTY ROOM OFFICER; WHEN HE DIDN'T RECEIVE A RESPONSE BACK

(14.)

from either of these Defendants Plaintiff then Wrote letters to Warden Lashbrook & Director Baldwin As Well As An Emergency Grievance to let them Know that He was being Denied personal Hygiene items, Along with Sheets & His change of underclothes ... Plaintiff Never got A response back from His letters to Defendants Nor to His grievance.

28.) Plaintiff was placed in a cell that was filthy & Had Not Been Cleaned Before He was Assigned to this Cell & Placed into the cell, He Asked (John Doe #4) the Gallery Officer for A Broom, Mop, A Rag or Towel & Some Disenfectant to Clean His Cell & Toilet & Walls With ... John Doe #4 Told plaintiff That He could Not Get Any of These items That He's Asked for To Clean His cell ... even Though He Knew That the Cell That Plaintiff was Being Housed in was filthy.

29.) The Cell Walls Had Spit, Blood, Snot, Buggers, food Caked on it, What Looked & Smelled Like feces, Mold Was Also on the Walls By the overhead Light, Along With Rust from Where The Walls Would Sweat & it Would Run Down ... Plaintiff Showed These Things To the Gallery Officer (John Doe #4) in An

(15.)

Effort To Let him know That He Was Being Exposed To Conditions That Were Jeopardizing His Health & Safety (Human Waste & Bodily fluids & mold) But John Doe #4 Still Would not Give Plaintiff Anything To Clean His Cell With & Ignored Plaintiff's situation.

30.) Plaintiff Was forced To Lay Down on a Mattress That Was Ripped open & Had Stuffing Coming out of it & it Was Moist & Smelled strong of urine ... He Told This To The Gallery officer (John Doe #4) That Had The Gallery (5) Days a Week & He Ignored Plaintiff's Complaint About His Mattress.

31.) This Mattress Caused Plaintiff To Break out In A Rash on His Back, Legs & Arms & He Let (John Doe #4) Know This & He Again Ignored Plaintiff Causing Him To Suffer A Cruel & unusual punishment.

32.) This Mattress Had Lumps In it & Caused Plaintiff To Have To Sleep In An Awkward Position & This Caused Plaintiff's Back To Hurt Really Bad & Legs To Hurt As Well ... Plaintiff's Bunk Had A Couple Dents In it That Also Caused Plaintiff's Back To Hurt & Whenever He Would Move The Bunk Would pop up

(16.)

WHERE THE DENTS ARE AT INTO HIS BACK CAUSING HIM PAIN
Plaintiff Let JOHN DOE# 4 KNOW THESE ISSUES EXISTED
; That He WAS IN PAIN AS A Result Of BEING SUBJECTED
TO THESE CONDITIONS DEFENDANT DID NOTHING TO
REMOVE Plaintiff FROM THESE CONDITIONS That THREATEND
HIS SAFETY ; HEALTH ; SUBJECTED HIM TO CRUEL ; UNUSUAL
PUNISHMENT.

33.) WHEN JOHN DOE# 4 WOULD NOT HELP Plaintiff OR
REMOVE HIM FROM THE CONDITIONS That HE'S LISTED
AS CAUSING HIM TO SUFFER IN PAIN ; THREATEN HIS SAFETY
HEALTH ; WELL BEING ; DENYING HIM HIS BASIC NECESSITIES
Of LIFE Plaintiff SENT LETTERS TO JOHN DOE# 1, JOHN
DOE# 2, BALDWIN ; LASHBROOK LETTING THEM KNOW THAT
THAT HE WAS BEING HOUSED IN SEGREGATION ; BEING
SUBJECTED TO THESE INHUMANE LIVING CONDITIONS.

34.) Plaintiff SENT LETTERS TO THESE DEFENDANTS ON
5/23/18, 5/9/18, 5/27/18, 6/1/18, 6/5/18, 6/6/18, 6/13/18, 6/17/18
; THEY IGNORED Plaintiff ; NEVER RESPONDED BACK TO
ANY Of HIS LETTERS NOR TO ANY Of HIS GRIEVANCES
ASKING TO BE MOVED FROM THESE INHUMANE CONDITIONS
OR TO FIX ; OR ADDRESS THESE CONDITIONS SO THAT
THEY DON'T EFFECT Plaintiff ; SUBJECT HIM TO A CRUEL
(17.)

unusual punishment.

# CLAIM #4 - UNDRINKABLE WATER
## 8TH AMENDMENT VIOLATION

35.) Plaintiff was forced to drink water that smelled like feces on some days; on some days it smells & tastes like bleach.

36.) When plaintiff drank this water on several different occasions; it made him sick... throwing up headaches, itchy throat, painful to swallow & he put in several sick call requests; (3) unknown nurses refused to send him to the doctor about these complaints; they gave him Malox, milk of magnesia & antacid tablets because they assessed that all plaintiff had was some nausea or heartburn.

37.) The water tastes like it has sand grains in it as plaintiff continues to drink the only water thats made available to him it continues to

(18.)

Irritate his throat when he swallows it. He let Defendants Lashbrook, Baldwin, John Doe #1, John Doe #2 - John Doe #4 with his letters & grievances that he wrote & sent to them which is the proper procedure for putting the prison & the officials on notice of a problem... Defendants never responded back to plaintiff's complaints so they turned a blind eye to the problem.

38.) Plaintiff had to wash up in this water & it made him itch constantly, made his skin peel, dried his skin out. The medical staff gave him A&D ointment, hydrocortizone cream & some other lotion/cream to attempt to address this issue but when plaintiff asked..."What about the water thats causing me to get sick & make my skin like this?" Plaintiff was told that its not their fault that Menard can't adequately filter out the Mississippi River from the water that they provide to the inmate population to drink & use to wash up with.

39.) The Menard Administration (Lashbrook) & the Health Care Providers (Wexford) know that the water that they provide to plaintiff & the entire inmate population

(19.)

Is Not PROPERLY FILTERED ; SO THEY (NO STAFF MEMBER) DO NOT
DRINK THIS WATER, BUT NOTHING IS BEING DONE ABOUT IT.
NO CHANGES ARE BEING MADE TO ADDRESS THIS ISSUE
; AS A DIRECT RESULT OF THESE DEFENDANTS NOT ADDRESSING
THIS ISSUE PLAINTIFF WAS SUBJECTED TO WATER THAT MADE
HIM SICK ; CAUSED HIM TO SUFFER IN PAIN.


CLAIM #5 — DELIBERATE DENIAL
OF BASIC NECESSITIES OF LIFE...
SHELTER, EXERCISE, MEDICAL CARE, SANITATION,
FOOD, CLOTHING, REASONABLE SAFETY ...... THAT HAVE
CAUSED PLAINTIFF TO SUFFER CRUEL ; UNUSUAL
PUNISHMENT IN VIOLATION OF HIS 8TH AMENDMENT ...

40.) DEFENDANTS HAVE HOUSED PLAINTIFF IN A
BUILDING THAT IS SUPPOSE TO ONLY HOUSE SEGERGATION
BUT BECAUSE OF SEVERE OVERCROWDING INMATES WHO
ARE CLASSIFIED AS GENERAL POPULATION ARE ALSO
BEING HOUSED INSIDE OF THIS SAME BUILDING ; THIS
POSES A THREAT TO PLAINTIFF'S SAFETY BECAUSE
HE IS REQUIRED TO BE HANDCUFFED EVERY TIME HE
IS MOVED FROM HIS CELL ; THE GENERAL POPULATION
(20.)

INMATES ARE NOT HANDCUFFED. THE THREAT TO PLAINTIFF'S SAFETY EXISTS BECAUSE HE CAN'T DEFEND HIMSELF IF THE UNHANDCUFFED INMATE DECIDES TO SWING ON HIM.

41.) THE REASON THAT A CLASSIFICATION SYSTEM EXISTS IS SO THAT THE WRONG SET OF INMATES DON'T END UP TOGETHER ... PREDATOR & VULNERABLE, WITH HANDCUFFS ON PLAINTIFF CAN NOT DEFEND HIMSELF FROM AN ATTACK AGAINST HIS PERSON, AGAINST SOMEONE WHO IS NOT HANDCUFFED.

42.) DEFENDANTS LASHBROOK, JOHN DOE #1 HAVE A POLICY IN PLACE CALLED PINK TAG IN WHICH BECAUSE PLAINTIFF WAS FIRST BROUGHT BACK TO SEGREGATION HE WAS DENIED SHOWERS, YARD/EXERCISE & PROPERTY FOR NO REASON OTHER THAN BECAUSE THEY COULD DO IT.

43.) THE SHOWERS WERE CLOGGED UP WITH HAIR, LINT, ... URINE WAS IN THIS BACKED UP WATER, FECES, SPIT, BLOOD & SKIN PARTICLES FROM WHEN THE COUNTLESS OTHER INMATES WASHED UP & RINSED OFF ... THIS COULD CAUSE FUNGUS, HEPITITIS & THE PASSING OF OTHER DISEASES, GERMS & BACTERIA THAT HAS THE POTENTIAL TO MAKE HIM SICK (PLAINTIFF)

(21.)

44.) DEFENDANTS HAVE BEEN ALERTED THAT THESE CONDITIONS EXIST ; THEY HAVEN'T MADE AN EFFORT TO FIX THESE CONDITIONS ; THE ONLY WAY THEY CAN BE OR GET FIXED IS IF DEFENDANTS ADDRESS THEM ; THEY KNOW THIS ; THEY STILL HAVEN'T FIXED THESE CONDITIONS, FORCING PLAINTIFF TO SUFFER A CRUEL ; UNUSUAL PUNISHMENT.

45.) NORTH 2 DOESN'T HAVE ANY VENTILATION SYSTEM TO COOL OFF THE CELL HOUSE IN THE SUMMER TIME WHEN THE TEMPERATURES GET UP TO ; ABOVE 90° ; 100° DEGREES PLAINTIFF HAS HIGH BLOOD PRESSURE ; THE HEAT EFFECTS HIM MORE SEVERELY THAN IT DOES SOMEONE WHO DOESN'T HAVE HIGH BLOOD PRESSURE. DEFENDANTS KNOW THIS BUT HAVEN'T TAKEN THE TIME TO ADDRESS THIS ISSUE ; BY DOING THIS THEY HAVE FORCED PLAINTIFF TO SUFFER A CRUEL ; UNUSUAL PUNISHMENT

46.) DEFENDANTS LASHBROOK ; JOHN DOE #1 BOTH HAVE BEEN MADE AWARE THAT THE MEDICAL CARE IN NORTH 2 IS INADEQUATE TO PROPERLY ADDRESS THE SERIOUS MEDICAL NEEDS OF PLAINTIFF ; ANY SIMILAR SITUATED INMATES BEING HOUSED IN NORTH 2 ; THEY TURNED A BLIND EYE TO THIS SITUATION KNOWING THAT BY NOT ADDRESSING IT, THEY HAVE CAUSED PLAINTIFF TO

(22.)

BE SUBJECTED TO A CRUEL & UNUSUAL PUNISHMENT.

47.) WEXFORD HAS BEEN HIRED TO PROVIDE HEALTH CARE TO THE INMATE POPULATION & DEFENDANT LASHBROOK HAS AN OBLIGATION TO MAKE SURE THAT INMATES HAVE ACCESS TO MEDICAL CARE & ARE PROVIDED WITH ADEQUATE MEDICAL CARE FOR THEIR SERIOUS MEDICAL NEEDS & LASHBROOK KNEW THAT PLAINTIFF WAS NOT BEING PROVIDED WITH ADEQUATE MEDICAL CARE FOR HIS SERIOUS MEDICAL NEEDS & SHE DID NOTHING TO ADDRESS THIS...; & BY DOING THIS SHE SUBJECTED PLAINTIFF TO A CRUEL & UNUSUAL PUNISHMENT.

# CLAIM # 6 — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.) DEFENDANTS BALDWIN & LASHBROOK ALLOWED THE ADJUSTMENT COMMITTEE TO NOT FOLLOW THE DR 504 RULES SAFE GUARD PROCEDURES DESIGNED TO PROTECT PLAINTIFF'S & ALL SIMILAR SITUATED INMATES DUE PROCESS RIGHTS FOR YEARS.

(23.)

49.) DEFENDANTS HAVE BEEN NOTIFIED OF THIS BEHAVIOR BY THE ADJUSTMENT COMMITTEE DELIBERATELY NOT FOLLOWING THE DUE PROCESS SAFEGUARDS OUTLINED IN THE DR. 504. ; THEY (DEFENDANTS) KNEW THAT BY ALLOWING THE ADJUSTMENT COMMITTEE TO NOT CALL WITNESSES, INVESTIGATE THE TICKET THOROUGHLY ; SUBSTANTIATE THE CHARGES HAPPEND THE WAY THE OFFICER CLAIMS THEY DID ... THIS WAS DONE FOR THE SOLE PURPOSE OF SENDING INMATES SUCH AS PLAINTIFF TO SEGERGATION.

50.) SEGERGATION IS THE WORST PLACE INSIDE OF THE PRISON, ITS DESIGNED TO PUNISH THOSE WHO HAVE BEEN DEEMED TO BE RULE BREAKERS ; DESERVING OF A PUNISHMENT FOR ALLEGEDLY NOT FOLLOWING THE RULES ... DEFENDANTS KNOW THAT LONG TERM SEGERGATION HAS BEEN LINKED TO SEVERE MENTAL HEALTH BREAKDOWNS ; THIS SHOWS THAT DEFENDANTS ALLOWED PLAINTIFF TO BE SENT TO SEG. KNOWING THAT HE WAS DENIED A DUE PROCESS ; WOULD BE SUBJECTED TO SEVERE ; EXTREME EMOTIONAL DISTRESS.

51.) BROOKMAN ; HART WILLFULLY ; WITH WILLFUL WANTON INTENTIONALLY SENT PLAINTIFF TO SEG. FOR 6 MONTHS KNOWING THAT HE WOULD SUFFER ; BE SUBJECTED TO EXTREME EMOTIONAL DISTRESS BY DELIBERATELY NOT

(24.)

following the due process safeguards ! By their actions they subjected plaintiff to an intentional infliction of emotional distress.

52.) Defendants Baldwin ! Lashbrook had an obligation to investigate the many claims by inmates including plaintiff that the Adjustment Committee with Brookman ! Hart were not following the due process safeguards ! Rules of the IDR 504 ! wrongfully sending inmates to a segregation that they knew would cause extreme emotional distress ! These defendants could have stopped this from happening to plaintiff but they turned the other way ! Allowed it to happen knowing that plaintiff would be subjected to an intentional infliction of emotional distress.

53.) Defendants knew that plaintiff would be sent to a segregation where he would be deprived of his property, subjected to filthy living conditions, no showers, no exercise, extremely hot, loud, subjected to mold ! ping pong toilets ! that 6 months of these inhumane living conditions would subject plaintiff to extreme

(25.)

EMOTIONAL DISTRESS.

(26.)

Relief Requested:

Plaintiff wants to sue defendants in their official capacity for injunctive relief only... ; To sue each defendants in their individual capacity for monetary damages $119.00 a day for each day spent in segregation, pain & suffering, & emotional distress. To stop the retaliation that may occur as a direct result of this suit.

Date: _____ 2019

I swear under penalty of perjury that the statements made are true to the best I can recall.

Tyrone Smith #N-01634

_____
Signature

P.O. Box 1000
Menard, IL. 62259
Menard Correctional Center

(27.)

# EXHIBITS

## A THRU F

(EXHIBIT-A)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Report**

| | | |
|---|---|---|
| **Type of Report:** | Stateville CC | Date: 01-14-2018 |
| ☐ Disciplinary  ☒ Investigative | Facility | |

Offender Name: SMITH, Tyrone          ID #:   N01634

---

**Offense Information:**

Observation Date:   01-14-2018          Approximate Time:   1:55    ☐ a.m. ☒ p.m.    Location:   Investigations Unit

**Offense(s):** DR 504:    Investigative Status

**Observation:**  On the above date and approximate time, inmate SMITH, Tyrone N01634, is being placed in Investigative Status at Stateville C.C. for the safety and security of the institution and staff. SMITH is being held in an area of confinement for a period of time not to exceed 30 days. Pending the outcome of this investigation, SMITH will either be charged with a departmental rules violation (s) or released without charges. SMITH was identified by Institutional Graphics. End of report.

Witness(es):  V.PEREZ

☐ Check if Offender Disciplinary Continuation Page, DOC 0316, is attached to describe additional facts, observations or witnesses.

| | | | | ☐ a.m. ☒ p.m. |
|---|---|---|---|---|
| H.Shalabi | 3861 | | 01-14-2018 | 3:30 |
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |

**Disciplinary Action:**

Shift Review: ☒ Temporary Confinement    ☒ Investigative Status   Reasons:  _Nature of Offense_

J.M. Bailey #614                    _(signature)_          1-14-18
Printed Name and Badge #        Shift Supervisor's Signature        Date
                                (For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer    Comment:

☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program Unit

_(signature)_                    _(signature)_          1-14-18
Print Reviewing Officer's Name and Badge #        Reviewing Officer's Signature        Date

☒ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only):
_(handwritten)_ S.103              _(signature)_ E JOHNSON   1-15-18
Print Hearing Investigator's Name and Badge #        Hearing Investigator's Signature        Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign
_____     _____
Offender's Signature          ID#

_____     _____     _____
Serving Employee (Print Name)    Badge #       Signature
                                              ☐ a.m.
                                              ☐ p.m.
_____     _____
Date Served          Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____     _____
Offender's Signature          ID#

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

_____     _____     _____
Date of Disciplinary Report    Print offender's name       ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

Page 1 of   1

Distribution:   Master File          Printed on Recycled Paper          DOC 0317 (Rev. 2/2007)
                Offender
                Facility (2)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Report**

| Type of Report: | | Date 01-15-2018 |
|---|---|---|
| ☒ Disciplinary | ☐ Investigative | Stateville C.C. |
| | | Facility |

Offender Name:  SMITH, Tyrone                    ID #:  N01634

Observation Date:  01-14-2018    Approximate Time:  1:55  ☐ a.m ☒ p.m    Location:  Intel Office

**Offense(s):**  DR 504:    203: DRUGS & DRUG PARAPHERNALIA: 311 FAILURE TO SUBMIT TO MEDICAL OR FORENSIC TESTS

**Observation:** (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time Offender SMITH, Tyrone N01634 was escorted to the Intel Unit to provide a urine sample for drug testing. At 2:00PM SMITH was notified of the start of the two hour limit to provide a urine sample. Every thirty minutes (2:30 and 3:00) SMITH was offered water. At 3:30PM Offender SMITH notified this R/I that he(Smith) is refusing to provide a urine sample

Witness(es):  V.PEREZ

☒ Check if Offender Disciplinary Continuation Page, DOC 0316, is attached to describe additional facts, observations or witnesses

| H.Shalabi | 3861 | *[signature]* | 01-15-2018 | 11:10 | ☒ a.m ☐ p.m |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

**Disciplinary Action:**

**Shift Review:** ☐ Temporary Confinement    ☐ Investigative Status    Reasons:

Printed Name and Badge #                    Shift Supervisor's Signature    Date
                                            (For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer   Comment:

☒ **Major Infraction**, submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction**, submitted to Program Unit

Print Reviewing Officer's Name and Badge #    Reviewing Officer's Signature    Date  1-16-18

☒ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only)

Print Hearing Investigator's Name and Badge #    Hearing Investigator's Signature  E.JOHNSON  1-16-18    Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

Offender's Signature                    ID#

Serving Employee (Print Name)    Badge #    Signature    ☐ a.m ☐ p.m

Date Served    Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature    ID#

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report    Print offender's name    ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

Print Name of witness    Witness badge or ID#    Assigned Cell (if applicable)    Title (if applicable)

Witness can testify to:

Print Name of witness    Witness badge or ID#    Assigned Cell (if applicable)    Title (if applicable)

Witness can testify to:

(Exhibit-C)

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | | |
|---|---|---|---|
| **Name:** SMITH, TYRONE | | **IDOC Number:** N01634 | **Race:** BLK |
| **Hearing Date/Time:** 1/23/2018  08:10 AM | | **Living Unit:** MEN-W-01-25 | **Orientation Status:** N/A |
| **Incident Number:** 201800100/1 - MEN | | **Status:** Expunged Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 1/14/2018 | 201800100/1-MEN | PEREZ, VICTOR M | STA-INTERNAL AFFAIRS | 01:55 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 203 | Drugs & Drug Paraphernalia<br>*Comments:drug test* | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| No Witness Requested | | | |

**RECORD OF PROCEEDINGS**
Ticket was dismissed

**BASIS FOR DECISION**
Ticket was dismissed

**DISCIPLINARY ACTION**  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| | — E X P U N G E D — |

**Basis for Discipline:**

### Signatures
**Hearing Committee**

| | | | |
|---|---|---|---|
| BROOKMAN, KENT E  - Chair Person | *Signature* | 01/23/18 | WHI |
| | Signature | Date | Race |
| HART, JASON N | *Signature* | 01/23/18 | BLK |
| | Signature | Date | Race |

Recommended Action Approved

**Final Comments:** N/A

JACQUELINE A LASHBROOK / JAL 1/25/2018          *Signature*          01/25/18
Chief Administrative Officer                              Signature          Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

Employee Serving Copy to Committed Person          2/2/18          When Served - - Date and Time

*Exhibit-D*

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** SMITH, TYRONE | **IDOC Number:** N01634 | **Race:** BLK |
| **Hearing Date/Time:** 2/15/2018  09:34 AM | **Living Unit:** MEN-W-01-25 | **Orientation Status:** N/A |
| **Incident Number:** 201800145/1 - MEN | **Status:** Expunged Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 1/14/2018 | 201800145/1-MEN | SHALABI, HANY B | STA-INTERNAL AFFAIRS | 01:55 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 203 | Drugs & Drug Paraphernalia *Comments:failed to provide urine* | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| No Witness Requested | | | |

**RECORD OF PROCEEDINGS**
Ticket was expunged

**BASIS FOR DECISION**
Ticket was expunged

**DISCIPLINARY ACTION** *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| | — E X P U N G E D — |

**Basis for Discipline:**

## Signatures
**Hearing Committee**

| | | | |
|---|---|---|---|
| BROOKMAN, KENT E  - Chair Person | Signature | 02/15/18 Date | WHI Race |
| HART, JASON N | Signature | 02/15/18 Date | BLK Race |

Recommended Action Approved

**Final Comments:** N/A

JACQUELINE A LASHBROOK / JAL  2/25/2018
Chief Administrative Officer

Signature        02/25/18 Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

Employee Serving Copy to Committed Person

3/9/18        When Served - - Date and Time

Print Date: 2/27/2018 14:21:21        Page 1 of 1

(EXHIBIT-3)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Report**

iMen.

Date: 5/8/2018

| Type of Report: | |
|---|---|
| ☒ Disciplinary | ☐ Investigative |

Stateville Correctional Center
Facility

Offender Name:   SMITH, TYRONE

ID #:   N01634

**Offense Information:**

Observation Date:   5/8/2018      Approximate Time:   2:00   ☐ a.m. ☒ p.m.   Location:   Visiting Room

**Offense(s): DR 504:**   203 - Drugs and Drug Paraphernalia 310 - Abuse of privileges

**Observation:** (NOTE: Each offense identified above must be substantiated.) This IDR is being completed at the conclusion of an investigation. On 1/14/18 at Stateville, the Intelligence Unit was notified that offenders CRAIG LOMAX K77112 and TYRONE SMITH N01634 both had visits and monitored the video camera footage of the visits. LOMAX received a visit from his girlfriend (CRYSTAL PEREZ, Visitor # 86674D) and SMITH was being visited by JEANETTA MELTON (Visitor # 054191) and LOMAX's two juvenile daughters. LOMAX and SMITH were seated next to each other, and during the visit there were numerous seat changes by the visitors and several food items bought from the vending machines. At 1:55 pm, LOMAX (table 22) gave a potato chip bag to MELTON (table 21). MELTON retrieved a small package from her left boot and placed it inside the potato chip bag. She then handed the bag back to LOMAX.

Witness(es):  J. STARKEY

☒ Check # Offender Disciplinary Continuation Page, DOC 0316, is attached to describe additional facts, observations or witnesses.

| Byron Mitchell | 13055 | _(signature)_ | 5/8/2018 | 12:00 ☐ a.m. ☒ p.m. |
|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |

### Disciplinary Action:

**Shift Review:** ☐ Temporary Confinement   ☐ Investigative Status   Reasons:

| Printed Name and Badge # | Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer) | Date |
|---|---|---|

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer   Comment:

☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ Minor Infraction, submitted to Program Unit

| M. Lake | _(signature)_ | 5/8/18 |
|---|---|---|
| Print Reviewing Officer's Name and Badge # | Reviewing Officer's Signature | Date |

☒ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only):

| _(name)_ | _(signature)_ | 5/9/18 |
|---|---|---|
| Print Hearing Investigator's Name and Badge # | Hearing Investigator's Signature | Date |

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as recorded or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing.  You may ask that witnesses be questioned along lines you suggest.  You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee.  You may have staff assistance if you are unable to prepare a defense.  You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign _____

| | | |
|---|---|---|
| Offender's Signature | | ID# |

| Serving Employee (Print Name) | Badge # ☐ a.m. ☐ p.m. | Signature |
|---|---|---|

| Date Served | Time Served | |
|---|---|---|

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

| Offender's Signature | ID# |
|---|---|

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

| Date of Disciplinary Report | Print Offender's name | ID# |
|---|---|---|

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Tier (if applicable) |
|---|---|---|---|

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Tier (if applicable) |
|---|---|---|---|

Witness can testify to: _____

**Page 1 of _____**

Complete Second full Page

Distribution:  Master File
Offender
Facility (2)                                                                 DOC 0317 (Rev. 2/2007)

(EXHIBIT 4-E)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Continuation Page**

Stateville C.C.
Facility

☒ Disciplinary Report ☐ Investigative Report ☐ Disciplinary Summary ☐ Adjustment Committee Summary

Report/Incident Date: ~~Approve~~ 5/8/18 (BM)      Incident # (if applicable):

| **Offender Information:** | |
|---|---|
| Offender Name:  SMITH, TYRONE | ID #: N01634 |

Several minutes later, LOMAX handed the bag back to MELTON and MELTON handed the bag to SMITH.  Intel/IA staff went to the visiting room and restrained LOMAX and SMITH while other unit staff continued to monitor the camera.  While being escorted out, SMITH dropped a small package (a condom with a hard grey substance inside of it) on the floor.  The contraband was recovered and taken to the Investigations Unit.  The substance weighed 3.2 grams and was identified by Illinois State Police as opiates.  Additionally, a silver chain and two silver dog tags were also recovered inside the potato chip bag.  Offenders LOMAX K77112 and SMITH N01634 identified by institutional graphics.

Page 2 of 2

Bruce Rauner
Governor

(EXHIBIT-F)



John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

November 29, 2018

Tyrone Smith
Register No. N01634
Menard Correctional Center

Dear Mr. Smith:

This is in response to your grievance received on September 19, 2018, regarding a disciplinary report dated May 8, 2018; which was alleged to have occurred at the Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The disciplinary report dated May 8, 2018 at 2:00pm was written by Lt. Byron Mitchell charging violations of DR504: 203 – Drug & Drug Paraphernalia. Offender Smith stated, " Not guilty because it is out of timeframe."

The Adjustment Committee hearing was conducted at Menard Correctional Center on May 15, 2018 at 9:01 am. The Adjustment Committee found the grievant guilty of the 203 charge. The recommended discipline was : 6 Months C Grade, 6 Months Segregation, 6 Months Commissary Restrictions, and 6 Months Contact Visitation Restriction.

This office reviewed the offender's grievance dated May 30, 2018, the disciplinary report dated May 5, 2018, and the Adjustment Committee Summary (201800635/1 - MEN).

Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in DR504, this Chairperson is recommending the disciplinary report be expunged due to none compliance with DR504.30. The discipline action taken in this ticket is to be deleted.

FOR THE BOARD:

Dave White
Administrative Review Board
Office of Inmate Issues

I concur, Adjustment Committee at Menard Correctional Center is to proceed accordingly, and Records Office at Menard Correctional Center is to proceed accordingly.

John R. Baldwin
Acting Director

Cc:  Warden, Menard Correctional Center
Warden, Stateville Correctional Center
Adjustment Committee, Menard Correctional Center
Record Office, Menard Correctional Center
Tyrone Smith, Register No. N01634

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc



Housing Unit: _____ Bed #: _____

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8-4-18 | Offender: (Please Print) SMITH | | ID#: N01634 |
|---|---|---|---|
| Present Facility: MENARD C.C. | | Facility where grievance issue occurred: MENARD C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility

- [ ] Mail Handling
- [ ] Dietary
- [x] Other (specify): CONDITIONS

- [ ] Restoration of Good Time
- [ ] Medical Treatment

- [ ] ADA Disability Accommodation
- [ ] HIPAA

- [ ] Disciplinary Report: ____/____/____
   Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer,** only if EMERGENCY grievance.
   **Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

WHILE BEING HOUSED IN THE MENARD CORRECTIONAL CENTER SEGREGATION FOR A TICKET THAT WAS DISMISSED ON 1-23-18, AND 2-15-18, I WAS SUBJECD TO INHUMANE LIVING CONDITIONS SUCH AS BLACK MOLD ON THE WALLS, IN THE SHOWERS, BY THE TOILET AND INSIDE THE TOILET, THE CELL HAS WHAT SMELLED LIKE FECES ON THE WALLS AND FLOOR, THE MATTRESS HAS BEEN CUT OPEN PLUS IT WAS CUT IN 1/2 HALF THE STUFFING IS COMING OUT, AND THE MATTRESS IS LUMPY, HAS MY BACK HURTING REALLY BAD, THERE'S ROACHES AND MICES RUNNING IN AND OUT OF MY CELL, I'M FORCED TO BREATH IN THE MOLD SPORES, ROACH (AND MICE DROPPINGS. AND ITS GIVING ME A HEADACHE,

Relief Requested: TO BE GIVEN CLEANING SUPPLIES ON A DAILY OR WEEK BASIS TO CLEAN MY CELL WITH, GIVEN A NEW MATTRESS, CLEAN JUMPSUIT, AND GET SEEN BY THE MEDICAL STAFF FOR MY BACK AND THIS RASH.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [ ] Check if this is NOT an emergency grievance.

_____   _____   ____/____/____
Offender's Signature               ID#       Date

*(Continue on reverse side if necessary)*

| **Counselor's Response (if applicable)** | | |
|---|---|---|
| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

_____

_____    _____    ____/____/____
Print Counselor's Name               Counselor's Signature         Date of Response

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature? |

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____    ____/____/____
Chief Administrative Officer's Signature   Date

Distribution: Master File; Offender                Page 1                DOC 0046 (1/2018)

I've ask the staff several times for a broom to sweep and clean my cell and some soap, soap and water or some comes down the cell walls, and the floor, the sink, the toilet. But each time I was told no and denied any cleaning supplies to clean my cell with. Forcing me to have to be in this filthy cell and breath in all these germs and dust. I have started to itch and I've got some bumps all over my body, having to lay on this filthy mattress when I first got into this cell, and being force to live in these filthy conditions, I've put in several sick call requests asking that I get seen for this rash but I haven't been called yet. I have continued to ask the staff about cleaning supplies to be allowed to clean my cell, my sink, and toilet but I continue to be denied the cleaning supplies that the ILCS says that Menard IDOC is obligated to supply to all inmates. Being held in their custody. I have also been denied a clean jump suit every week like the rules states they're suppose to provide me with.

Menard C.C. is so overcrowded that I was forced to be housed in a small cell that was designed for only one person. We're housed in this cell 24 hours a day. And there's no room to work out or sit up in the cell on the bed. This makes my back hurt even more and causes my blood pressure to rise up and continue to be high. Also being housed in a cell with people that is bi-polar, that has high aggression level.

Housing Unit: _____ Bed #: _____

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 5-17-18 | Offender: (Please Print) SMITH | ID#: N01634 |

| Present Facility: MENARD C.C. | Facility where grievance issue occurred: MENARD C.C. |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [x] Other (specify): CONDITIONS
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA

- [ ] Disciplinary Report: ____/____/____
  Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

I WAS PLACED IN SEGREGATION FOR INVESTIGATION (3) THREE DAYS AGO THIS CELL THAT I HAVE BEEN PLACED IN IS FILTHY. I ASK THE CORRECTIONAL OFFICER, THE SGT. AND THE LT. FOR SOMETHING IN WHICH TO CLEAN UP MY CELL, AND THEY TOLD ME NO THEY WERENT GIVING ME ANYTHING TO CLEAN UP MY CELL WITH. THERES FOOD AND WHAT LOOKS LIKE FECES, AND BLOOD SMEARED ON THE WALLS AND FLOOR. ALONG WITH DIRT AND ALSO ON THE FLOOR, ALONG WITH DUST BALLS MADE OF THE BLANKET MATERIAL. THERES FECES IN THE TOILET AND THE SINK IS COVERED WITH MILDEW. THE HOT WATER DOESNT WORK SO IM UNABLE TO WASH UP IN MY CELL LIKE OTHER SIMILAR SITUATED INMATES. THERES ROACHES AND MICE RUNNING IN MY

Relief Requested: I WANT TO BE GIVEN CLEANING SUPPLIES TO CLEAN MY CELL, FIX MY HOT WATER OR GIVE ME A SHOWER, AND MOVE ME OUT OF THIS CELL.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
[ ] Check if this is NOT an emergency grievance.

_____ Offender's Signature _____ ID# _____ Date

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** |

Date Received: ____/____/____   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____ Print Counselor's Name _____ Counselor's Signature _____ Date of Response

| **EMERGENCY REVIEW** |

Date Received: ____/____/____   Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____ Chief Administrative Officer's Signature _____ Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

Housing Unit _____ Bed #: _____

Cell.

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

U 2-08-44

| Grievance Officer's Report |
|---|

**Date Received:** June 7, 2018 _____     **Date of Review:** August 24, 2018 _____     **Grievance #** (optional): 104-6-18 _____

**Offender:** Smith, Tyrone _____     **ID#:** N01634 _____

**Nature of Grievance:** Disciplinary Report dated 5/8/2018 issued by B. Mitchell for 203 Drugs and Drug Paraphernalia - 201800635/1-MEN

**Facts Reviewed:** All information submitted to the Grievance Officer by the offender or institutional staff pertaining to this issue(s) being grieved has been thoroughly reviewed. Offender submitted a grievance dated 5/8/2018 regarding the above disciplinary report. Offender grieves on 1/14/2018 he was placed in Investigative Status at STA and received an ODR for 203 Drugs and Drug Paraphernalia and 311 Failure to submit to Medical or Forensic Tests. He went before the Adjustment Committee on 1/23/2018 and the ODR was expunged. There was another ODR written on 2/5/2018 for the same offense and that ODR was expunged. Then on 5/8/2018 he received another disciplinary report form STA Intel for 203 Drugs and Drug Paraphernalia and 311 Abuse of privileges. He states he never had drugs on him and he was never charged with having drugs. He states that the substance found in the visiting room was never tested by Intel staff nor by the state police. He grieves that now 112 days later the Intel Unit comes up with 3.2 grams of opiates. He was not served a ticket within the (8) days required to serve a ticket.

**Relief requested:** "To be released from disciplinary segregation my visits restored, punitive and compensatory damages $50,000.00, these disciplinary reports removed from my master files." Grievance Office reviewed IDR, Ticket Summary, DR 504 procedures & contacted the Adjustment Committee and Investigations and Intelligence.

Per DR 504.80 Prior to the hearing, the offender may request that witnesses be interviewed. No requests for witness received by Committee.

ODR #201800100/1-MEN and ODR #201800145/1-MEN were heard and expunged according to procedures set in DR504.

ODR #201800635/1-MEN was written on 5/8/2018 from the conclusion of an Internal Investigation and served to the offender on 5/10/2018 at 7:40 pm by Officer Hopkins. It is documented that the offender refused to sign the ticket. The hearing was conducted by the Adjustment Committee on 5/15/2018. The CAO concurred with the Adjustment Commitee's decision of (6) months C-Grade, Segregation, Commissary Restriction and contact visit restriction on 6/4/2018. The offender was served a copy of the Final Summary on 6/8/2018.

The facts provided in the disciplinary report support the charges according to DR504, and document the conclusion of the internal investigation. The Committee is not required to discuss the details of confidential investigations or note on the summary (ie: video surveillance). The Committee advised the hearing was in accordance with DR504 and documented correctly.

The Committee advised the hearing was in accordance with DR 504.80. Offender was permitted to make statements in his defense and the offender plead not guilty and stated "because it is out of time allowance" as noted on the final summary.

Continued on page 2...

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the inmate's grievance be DENIED.

BASED ON, THE NATURE OF THE CHARGES AND DISCIPLINARY HISTORY, THE SANCTIONS IMPOSED BY THE ADJUSTMENT COMMITTEE ARE FOUND TO BE CORRECT AS WRITTEN AND PROCESSED IN ACCORDANCE WITH DR 504. DISCIPLINARY ACTION SHALL REMAIN AS IMPOSED.

_Kelly Pierce_  -   _Menard Correctional Center_                          _Kelly Pierce_
Print Grievance Officer's Name                                    Grievance Officer's Signature
**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

**Date Received:** August 30, 2018 _____     ☑ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

_____
Chief Administrative Officer's Signature                                    5/30/18
                                                                      Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____
Offender's Signature                          ID#                          Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE** (Continued)

Continued...

According to the disciplinary report written by B. Mitchell, The IDR was completed at the conclusion of an investigation. On 1/14/2018 at Stateville, the Intelligence Unit was notified that offender's Craig Lomax, K77112 and Tyrone Smith, N01634 both had visits and monitored the video camera footage of the visits. Lomax received a visit from his girlfriend (Crystal Perez, Visitor #866741D) and Smith was being visited by Jeanetta Melton (Visitor #054191) and Lomax's two juvenile daughters. Lomax and Smith were seated next to each other, and during the visit there were numerous seat changes by the visitors and several food items bought from the vending machines. At 1:55 pm, Lomax (table 22) gave a potato chip bag to Melton (table 21). Melton retrieved a small package from her left boot and placed it inside the potato chip bag. She then handed the bag back to Lomax. Several Minutes later, Lomax handed the bag back to Melton and Melton handed the bag to Smith. Intel/IA staff went to the visiting room and restrained Lomax and Smith while other unit staff continued to monitor the camera. While being escorted out, Smith dropped a small package (a condom with a hard grey substance inside of it) on the floor. The contraband was recovered and taken to the Investigations Unit. The substance weighted 3.2 grams and was identified by Illinois State Police as opiates. Additional, a silver chain and two silver dog tags were also recovered inside the potato chip bag. Offenders Lomax K77112 and Smith N01634 identified by institutional graphics.

Committee finds inmate guilty based on information provided and accepts the written report to be factual account of the incident and is satisfied the violations occurred as reported. Officer Starkey witnessed the incident and stated IDR is correct as written.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

N 844

| Date: 5-30-18 | Offender: (Please Print) SMITH, TYRONE | ID#: N01634 |

| Present Facility: MENARD C.C. | Facility where grievance issue occurred: STATEVILLE C.C. |

1-14-18

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify): _____

- [x] Disciplinary Report: 5 , 8 , 18    STATEVILLE C.C. & MENARD C.C.
  Date of Report                Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information
for each person involved):

ON 1-14-18 I WAS PLACED IN INVESTIGATION STATUS AT STATEVILLE C.C. FOR
SAFETY AND SECURITY OF THE INSTITUTION AND STAFF. I RECEIVED A DISCIPLINARY
REPORT FOR A 203; DRUGS & DRUG PARAPHERNALIA, 311; FAILURE TO SUBMIT TO
MEDICAL OR FORENSIC TESTS. I WENT BEFORE THE ADJUSTMENT COMMITTEE ON
1-23-18 AND THE DISCIPLINARY REPORT WAS EXPUNGED. THEIR WAS ANOTHER
DISCIPLINARY REPORT WRITTEN 2-15-18 FOR THE SAME OFFENSE AND THE
DISCIPLINARY REPORT WAS EXPUNGED. ON 5-9-18 I RECEIVED ANOTHER DISCIP-
LINARY REPORT FROM STATEVILLE INTELLIGENCE UNIT; 203; DRUGS & DRUG
PARAPHERNALIA, 311; ABUSE OF PRIVILEGES. THIS INCIDENT HAPPENED IN

Relief Requested: TO BE RELEASED FROM DISCIPLINARY SEGREGATION, MY VISITS
RESTORED, PUNITIVE & COMPENSATORY DAMAGES $50,000.00, THESE
DISCIPLINARY REPORTS REMOVED FROM MY MASTER FILES!

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    _____    ___/___/___
Offender's Signature          ID#         Date
(Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) |

| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

_____         _____    ___/___/___
Print Counselor's Name              Counselor's Signature      Date of Response

| **EMERGENCY REVIEW** |

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____         ___/___/___
Chief Administrative Officer's Signature    Date

Distribution: Master File; Offender          Page 1          3A          DOC 0046 (8/2012)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

THE VISITING ROOM AT STATEVILLE C.C. INTELLIGENT STAFF STATE
WHILE I (SMITH) WAS BEEN ESCORTED OUT OF THE VISITING ROOM
THAT I (SMITH) DROPPED A SMALL PACKAGE (A CONDOM WITH A HARD
GREY SUBSTANCE INSIDE IT) ON THE FLOOR. THAT THE CONTRABAND WAS
RECOVERED AND TAKEN TO THE INVESTIGATION UNIT. THAT THE SUBSTANCE
WEIGHED 3.2 GRAMS AND WAS IDENTIFIED BY STATE POLICE AS OPIATES.
THESE SUBSTANCE WAS NEVER TESTED BY INTELLIGENT UNIT STAFF
NOR BY THE STATE POLICE, AT NO TIME DID I EVER HAVE ANY DRUGS
I WAS NEVER CHARGED WITH HAVING ANY DRUGS. NOW AFTER MORE
THAN (112 DAYS THE INTELLIGENT UNIT COMES UP WITH 3.2 GRAMS OF
OPIATES, SECTION 504.30. PREPARATION OF DISCIPLINARY REPORTS:
SERVICE OF A DISCIPLINARY REPORT UPON THE OFFENDER
SHALL COMMENCE THE DISCIPLINARY PROCEEDING. IN NO EVENT
SHALL A DISCIPLINARY REPORT BE SERVED UPON AN OFFENDER MORE
THAN (8) EIGHT CALENDAR DAYS AFTER THE COMMISSION OF AN
OFFENSE OR THE DISCOVERY OF AN OFFENSE UNLESS THE OFFENDER
IS UNAVAILABLE OR UNABLE TO PARTICIPATE IN THE PROCEEDINGS.
SECTION 504.50 REVIEW OF DISCIPLINARY REPORT : A) 2 THE OFF-
ENDER SHOULD BE PROVIDED WITH A COPY OF THE CORRECTED
REPORT. IN THE EVENT THAT THE CORRECTED REPORT CONTAINS
NEW CHARGES, THE OFFENDER SHALL PROVIDED A COPY OF THE
CORRECTED REPORT AT LEAST 24 HOURS PRIOR TO THE HEARING UNLESS
THE OFFENDER WAIVES THIS NOTICE IN WRITING, I RECEIVED THE
DISCIPLINARY REPORT ON 5-10-18 WENT BEFORE THE ADJUSTMENT
COMMITTEE ON 5-15-18. SECTION 504.80 ADJUSTMENT COMMITT-
EE HEARING PROCEDURE (A) THE ADJUSTMENT COMMITTEE HEARING
SHALL BE CONVENED, BUT NEED NOT BE CONCLUDED WITHIN 14 DAYS
AFTER THE COMMISSION OF THE OFFENSE BY AN OFFENDER OR ITS
DISCOVERY - DUE PROCESS ALONG WITH MY EIGHTH
AND FOURTEENTH AMENDMENTS RIGHTS HAS BEEN VIOLATED

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

N2-8-44

| | Grievance Officer's Report | |
|---|---|---|

**Date Received:** March 26, 2018          **Date of Review:** May 14, 2018          **Grievance #** (optional): 293-3-18

**Offender:** Smith, Tyrone                                                   **ID#:** N01634

**Nature of Grievance:** IDR

**Facts Reviewed:** All information submitted to the Grievance Officer by the offender or institutional staff pertaining to this issue(s) being grieved has been thoroughly reviewed. Offender submitted a grievance dated 3/13/2018 and grieves that on 1/14/2018 while on a visit at Stateville C.C. he was ordered to cuff up and was escorted to the Intel Office and after (4) hours of him not being able to urinate he was transferred to X-House and charged with 203 Drugs and Drug Paraphernalia and 311 Failure to submit to medical or forensic tests. He was placed on investigative status at Stateville C.C. He was transferred to Menard on 1/17/2018 and when his ticket was heard by the Adjustment Committee it was dismissed.

**Relief requested:** "To be sent back to Stateville C.C. and to be compensated for the (9) days spent in Disciplinary Segregation. A Total of (9) days one (1) Hundred Dollars a day for the pain and suffering."

Counselor responded on 3/22/2018 – Institutional placement and cell placement are administrative decisions. Offender did not receive an IDR.

Grievance Office reviewed on 5/14/2018 – Institutional placement and cell placement are an administrative decision.

Ticket #204800100/1 – MEN for 203 Drug Paraphernalia was Expunged on 1/23/2018 and Ticket #201800145/1-MEN for 203 Drugs and Drug Paraphernalia was Expunged on 2/15/2018.

The offender was issued Ticket #201800635/1-MEN for Drugs and Drug Paraphernalia due to an investigation and was found guilty on 5/15/2018.

Based on the observation of the reporting employee an investigation was completed on I/M Smith-N01634 while I/M smith was on a visit when it was observed visitor Melton took a small package from her left boot. The small package made it way to I/M smith who dropped it while being escorted out. The package was recovered and taken to the investigation unit. It was identified as 3.2 grams of opiates. Committee finds inmate guilty based on information provided and accepts the written report to be factual account of the incident and is satisfied the violations occurred as reported. Officer Starkey witnessed the incident and stated IDR is correct as written.

The Grievance Office cannot award monetary compensation.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the inmate's grievance be DENIED. The offender was found guilty of IDR charges.

Kelly Pierce   -   Menard Correctional Center
Print Grievance Officer's Name                                   Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| | Chief Administrative Officer's Response | |
|---|---|---|

**Date Received:** June 14, 2018          ☑ I concur   ☐ I do not concur          ☐ Remand

**Comments:**

Chief Administrative Officer's Signature                                   4/14/18   Date

| | Offender's Appeal To The Director | |
|---|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Offender's Signature                                   ID#                   Date