# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE SMITH, # N01634, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 19-cv-00637-SMY |
| ) | |
| JOHN BALDWIN, ) | |
| JACQUELINE LASHBROOK, ) | |
| KENT BROOKMAN, ) | |
| JASON HART, ) | |
| BYRON MITCHELL, ) | |
| FRANK LAWRENCE, ) | |
| JOHN DOE ##1-4, and ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Tyrone Smith, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983. Plaintiff claims he was subjected to an unfair disciplinary action that resulted in him being punished with segregation and being exposure to unconstitutional conditions of confinement. He seeks monetary damages and injunctive relief.[1]

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant

---

[1] Plaintiff's request for unspecified injunctive relief is construed as a request for relief *at the close of the case*. Plaintiff may file a motion for temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65 if he seeks interim relief.

must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff received three disciplinary tickets for the same incident that occurred at Stateville Correctional Center on January 14, 2018. (Doc. 1, pp. 1-46). All three tickets cited violations of IDOC Rule 203 (drugs and drug paraphernalia) and IDOC Rule 311 (failure to submit to forensic testing). (*Id*. at pp. 1-8). The tickets were issued by Officer Shalabi on January 14, 2018 ("first ticket"), Officer Shalabi on January 15, 2018 ("second ticket"), and Officer Mitchell on May 8, 2018 ("third ticket"). Plaintiff was transferred to Menard before any disciplinary hearings occurred. (*Id*. at p. 4).

Menard's Adjustment Committee[2] conducted separate hearings for each ticket. (*Id*. at pp. 4-8). Following a hearing on January 23, 2018, Officers Brookman and Hart recommended expunging the first ticket and Warden Lashbrook approved this decision. (*Id*. at pp. 4-5). Following a hearing on February 15, 2018, Brookman and Hart recommended expunging the second ticket and Lashbrook also approved this decision. (*Id*. at pp. pp. 5-6).

Following the Adjustment Committee's hearing on the third *re-issued* ticket in May 2018, Plaintiff was found guilty of violating IDOC Rule 203. (*Id*. at pp. 6-8, 12). He was punished with six months of segregation, C-grade status, commissary restrictions, and visitation restrictions. (*Id*.). Plaintiff filed grievances with Director Baldwin, Warden Lashbrook, and Acting Warden Lawrence about Menard Adjustment Committee's routine practice of disregarding 20 Ill. Admin.

---

[2] The Adjustment Committee was comprised of Kent Brookman (chairperson), Jason Hart (committee member), and Jacqueline Lashbrook (reviewing officer).

Code § 504 governing prison disciplinary hearings, but they ignored his complaints. (*Id*. at pp. 9-11).

Meanwhile, Plaintiff endured conditions of confinement in and out of segregation that were inhumane. (*Id*. at pp. 13-19). While in segregation, Plaintiff was exposed to filthy living conditions and was denied adequate cleaning supplies, hygiene items, and clothing. (*Id*. at pp. 13-15, 17). Once he returned to the general population, Plaintiff was still housed alongside segregation inmates in Menard's North 2 Cellhouse and faced unsanitary and dangerous living conditions there. (*Id*. at pp. 20-22). In both places, Plaintiff was given unclean drinking water that caused him to become ill. (*Id*. at pp. 18-19). Plaintiff reported these conditions to Director Baldwin, Warden Lashbrook, and/or John Does ##1-4, but they took no corrective action. (*Id*. at pp. 13-22) He also blames Mitchell, Brookman, Hart, Wexford, and unidentified medical staff (including nurses) for exposing him to these conditions. (*Id*.). Plaintiff claims that the defendants intentionally inflicted emotional distress on him. (*Id*. at pp. 23-25).

Based on the allegations, the Court finds it convenient to organize the *pro se* Complaint into the following Counts:

> **Count 1:** Fourteenth Amendment claim against Mitchell, Hart, Brookman, and Lashbrook for depriving Plaintiff of a protected liberty interest without due process of law by punishing him for this third re-issued ticket with six months of segregation in unusually harsh conditions after expunging his first and second tickets for the same offense. (*Id*. at pp. 4-8, 12).
>
> **Count 2:** Fourteenth Amendment claim against Baldwin, Lashbrook, and Lawrence for turning a blind eye to the Menard Adjustment Committee's routine practice of disregarding 20 Ill. Admin. Code § 504 and finding Menard inmates guilty in most disciplinary cases. (*Id*. at pp. 9-11).
>
> **Count 3:** Eighth Amendment claim against Doe ##1-4, Mitchell, Hart, Brookman, Lashbrook, and Baldwin for subjecting Plaintiff to unconstitutional conditions of confinement in segregation at Menard as punishment for this third ticket. (*Id*. at pp. 13-17).

**Count 4:** Eighth Amendment claim against Doe #1, Doe #2, Doe #4, Lashbrook, Baldwin, and Wexford for their deliberate indifference to Plaintiff's complaints about the water and his related illness. (*Id*. at pp. 18-19).

**Count 5:** Eighth Amendment claim against Doe #1, Lashbrook, and Wexford for their deliberate indifference to the conditions Plaintiff endured as a general population inmate in Menard's North II Cellhouse. (*Id*. at pp. 20-22).

**Count 6:** Illinois state law claim against Defendants for intentional infliction of emotional distress against Plaintiff. (*Id*. at pp. 23-25).

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by this Court. **Any claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

## Preliminary Dismissals

Plaintiff refers to several individuals in the Complaint who are not named as defendants in the case caption, including Officer Shalabi, medical staff, and nurses. The Court will not treat these individuals as defendants, and any claims against them are **DISMISSED without prejudice**. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (individual must be specified in the case caption to be properly considered a party).

## Discussion

### Count 1

The Fourteenth Amendment protects inmates from deprivations of life, liberty, or property without due process of law. *See* U.S. CONST. amend. XIV. In the context of prison disciplinary hearings, due process protections can be triggered by the loss of liberty associated with segregation if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

of prison life."[4] *Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Although an inmate's liberty interest in avoiding segregation is limited, Plaintiff's punishment with six months of segregation in allegedly unsanitary and/or unsafe living conditions suggests that a protected liberty interest was at stake. The Adjustment Committee's inconsistent handling of his three disciplinary tickets also suggests that he may have been denied due process protections. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (outlining due process protections for prison disciplinary proceedings). Therefore, Count 1 will receive further review against the defendants named in connection with this claim.

**Count 2**

Plaintiff's claim against Defendants Baldwin, Lashbrook, and Lawrence for allegedly ignoring or condoning the Adjustment Committee's practice of disregarding 20 Ill. Admin. Code § 504 does not survive preliminary review. A plaintiff cannot enforce state regulations or policies through a § 1983 action. *See James v. Pfister*, 708 F. App'x 876, 879 (7th Cir. 2017); *White v. Olig*, 56 F.3d 817, 821 (7th Cir. 1995). Count 2 will therefore be dismissed without prejudice.

**Counts 3, 4, and 5**

The Eighth Amendment requires prison officials to provide inmates with adequate food, clothing, and shelter. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Failure to do so may give rise to a claim which consists of both an objective and subjective element. To satisfy the objective component, conditions of confinement must deny an inmate "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 362 n. 10 (citation omitted). To satisfy the subjective component, the defendants must respond to the conditions with deliberate indifference. *Id*.

---

[4] Demotion to C-grade, commissary restrictions, and visitation restrictions do not give rise to a protected liberty or property interest. *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (collecting cases).

Plaintiff describes conditions that satisfy both elements of the claims in Count 3, 4, and 5 against those defendants who are named in connection with each claim, other than Wexford.

*Respondeat superior* liability is not recognized under § 1983. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Therefore, Wexford can only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Plaintiff identifies none. Accordingly, Counts 4 and 5 will be dismissed against Wexford without prejudice.

## Count 6

Plaintiff's claim for intentional infliction of emotional distress arises under Illinois state law. This Court may exercise supplemental jurisdiction over the claim because it arises from the same facts as Plaintiff's federal claims. *See* 28 U.S.C. § 1367(a). However, Plaintiff's allegations are insufficient to support a viable claim.

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that (1) the defendants engaged in extreme and outrageous conduct; (2) the defendants either intended to inflict severe emotional distress or knew there was a high probability that their conduct would cause severe emotional distress; and (3) the defendants' conduct in fact caused severe emotional distress. *McGreal v. Village Orland Park*, 850 F.3d 308 (7th Cir. 2017). Plaintiff relies solely on conclusory allegations in support of this claim, in violation of the *Twombly* pleading requirements. Count 6 will therefore be dismissed without prejudice.

## Identification of Unknown Defendants

Plaintiff will be allowed to proceed with Counts 3, 4, and 5 against John Doe ##1-4. However, these defendants must be identified with particularity before service of the Complaint

can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain their identity. *Rodriguez*, 577 F.3d at 832. Acting Warden Frank Lawrence shall remain named as a defendant in his official capacity only and will be responsible for responding to discovery aimed at identifying these unknown defendants. Once their names are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and the Complaint.

## **Pending Motions**

The unsigned Motion to Appoint Counsel (Doc. 2) is **STRICKEN** and the signed Motion to Appoint Counsel (Doc. 7) is **GRANTED**. There is no constitutional or statutory right to counsel in a civil case. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). However, the district court has inherent authority to recruit counsel for an indigent litigant in order to ensure the orderly prosecution of litigation in the district. 28 U.S.C. § 1915(e)(1). Before doing so, the Court must consider: (1) whether Plaintiff has made reasonable attempts to secure counsel on his own, and (2) "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)).

Plaintiff has demonstrated reasonable efforts to locate counsel on his own by providing copies of letters he sent to approximately ten attorneys before seeking the Court's assistance. Plaintiff has also disclosed a limited education and significant health issues (*e.g.*, very poor eyesight). Given these educational and physical limitations and the relative complexity of this case, the Court finds that counsel is necessary to represent Plaintiff. Accordingly, the Court will randomly select counsel through the Case Management/Electronic Case Filing ("CM/ECF") system to represent Plaintiff in pursuing the claims that survived preliminary review *in this case*.

**Disposition**

IT IS ORDERED that the Complaint (Doc. 1) survives preliminary review under 28 U.S.C. § 1915A, as follows:

- **COUNT 1** will proceed against Defendants **MITCHELL, HART, BROOKMAN,** and **LASHBROOK;**

- **COUNT 3** will proceed against Defendants **DOE # 1, DOE #2, DOE #3, DOE #4, MITCHELL, HART, BROOKMAN, LASHBROOK,** and **BALDWIN**;

- **COUNT 4** will proceed against Defendants **DOE # 1, DOE #2, DOE #4, LASHBROOK,** and **BALDWIN;**

- **COUNT 5** will proceed against Defendants **DOE #1** and **LASHBROOK.**

IT IS ORDERED that **COUNTS 2** and **6** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, and **COUNTS 4** and **5** are **DISMISSED** without prejudice against **WEXFORD** for the same reason. The Clerk of Court is **DIRECTED** to **TERMINATE** Defendant **WEXFORD HEALTH SOURCES, INC.** as a party in CM/ECF.

IT IS ORDERED that Defendant **FRANK LAWRENCE** shall remain named as a defendant in his official capacity only and is responsible for responding to discovery aimed at identifying the unknown defendants and implementing any injunctive relief ordered in this case.

With respect to **COUNTS 1, 3, 4,** and **5,** the Clerk of Court shall prepare for Defendants **JOHN DOE ##1-4** (once identified), **MITCHELL, HART, BROOKMAN, LASHBROOK,** and **BALDWIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require

the Defendant to pay the full costs of formal service.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendants, **JOHN DOE ##1-4,** until such time as Plaintiff has identified each by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With the exception of Defendant Lawrence, Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**IT IS ORDERED** that in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **David G. Penn** of **Schmiedeskamp, Robertson, Neu & Mitchell, LLP** located in Quincy, Illinois, is **ASSIGNED** to represent Plaintiff Smith in this civil rights case. On or before **March 2, 2020**, assigned counsel shall enter his/her appearance in this case. Attorney Penn is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may be working on the case. Plaintiff should wait for his attorney to contact him to allow counsel an opportunity to review the court file.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Doc. 1 to Attorney Penn. Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Chapman as needed.

As of this date, Plaintiff's contact information is:

**TYRONE SMITH, #N01634**
**Menard Correctional Center**
**711 Kaskaskia Street**
**P.O. Box 1000**
**Menard, IL 62259**

**IT IS SO ORDERED.**

**DATED: February 7, 2020**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**U.S. District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.

Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**