IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE SMITH, N01634, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-cv-637-RJD ) |
| JOHN BALDWIN, et al., | ) ) |
| Defendants. | ) ) ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion for Partial Summary Judgment filed by Defendants Baldwin, Brookman, Hart, Lashbrook, and Mitchell[1] (Docs. 38 and 39). Plaintiff filed a Response (Doc. 40). As explained further, Defendants' motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Plaintiff, an inmate within the Illinois Department of Corrections ("IDOC), is currently incarcerated at Menard Correctional Center ("Menard"). He filed this suit pursuant to 42 U.S.C. §1983, alleging Defendants violated his Eighth and Fourteenth Amendment rights at Menard. Plaintiff alleges that in January 2018, he received three disciplinary tickets for the same incident that occurred at Stateville Correctional Center. One officer issued the first two tickets; Defendant Mitchell issued the third ticket. Plaintiff transferred to Menard after the incident but before the disciplinary hearing.

---

[1] Defendant Lawrence also joined this motion but was dismissed from this matter on January 11, 2021 (Doc. 47).

Menard held a separate disciplinary hearing for each ticket. Defendants Brookman and Hart (members of the committee at Menard that conducted the hearings) recommended expunging the first two tickets and Defendant Lashbrook (former Warden at Menard) approved their recommendations. After a hearing on the third re-issued ticket, Defendants Brookman, Hart, and Lashbrook found Plaintiff guilty of Rule 203 and punished him with six months of segregation, C-grade status, commissary restrictions, and visitation restrictions. Plaintiff sent grievances to Defendants Baldwin and Lashbrook regarding the committee's decision. While in segregation, Plaintiff alleges that he endured filthy living conditions and was denied cleaning supplies, hygiene items, and clothing. Once he returned to the general population in Menard North #2 cellhouse, he faced dangerous and unsanitary living conditions. In both places, he only had access to dirty drinking water, which made him ill. Following the Court's threshold review conducted pursuant to 42 U.S.C. §1915A, Plaintiff's case proceeded on the following claims:

> Count 1: Fourteenth Amendment claim against Mitchell, Hart, Brookman and Lashbrook for depriving Plaintiff of a protected liberty interest without due process of law by punishing him for his third re-issued ticket with six months of segregation in unusually harsh conditions after expunging his first and second tickets for the same offense.
>
> Count 3: Eighth Amendment claim against Mitchell, Hart, Brookman, Lashbrook, and Baldwin for subjecting Plaintiff to unconstitutional conditions of confinement in segregation at Menard as punishment for the third ticket.
>
> Count 4: Eighth Amendment claim against Lashbrook and Baldwin for their deliberate indifference to Plaintiff's complaints about unsanitary drinking water and his related illness.
>
> Count 5: Eighth Amendment claim against Lashbrook for her deliberate indifference to the conditions Plaintiff endured as a member of the general population in the North #2 cellhouse.

Defendants move for summary judgment on Counts 3-5, contending that Plaintiff failed to

exhaust his administrative remedies regarding these claims. Plaintiff responds that he submitted emergency grievances on May 17, 2018 and August 4, 2018 regarding Counts 3 and 4 that were never answered, and therefore administrative remedies was unavailable to him.[2] Plaintiff further contends that because he faced the same conditions in both segregation and general population, he did not have to submit an additional grievance once he transferred to the North #2 cellhouse, and therefore he exhausted his available administrative remedies pertaining to Count 5.

## *Pavey* Hearing

On February 16, 2021, the Court held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Plaintiff testified that he wrote "plenty" of grievances while he was in segregation. He submitted an emergency grievance on May 18, 2018 regarding unsanitary conditions in segregation; he never received any type of response to this grievance, and "everyone" told him to re-submit it. He then submitted another emergency grievance on August 4, 2018 regarding these same conditions, but still did not receive a response. He submitted both emergency grievances by placing them in the bars of his cell so that he would know if the correctional officer took them. An officer took both emergency grievances.

## Legal Standards

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The

---

[2] These grievances were attached to Plaintiff's sworn Complaint (Doc. 1, p. 37-40).

moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). The grievance must contain the following:

> ….factual details regarding each aspect of the offender's complaint, including what

> happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.870(b).

If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e). Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is

handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender.  *Id.*  Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility.  *Id.* at § 504.870.

## Discussion

Defendants did not meet their burden for summary judgment on Counts 3 and 4. An inmate is only required to exhaust the administrative remedies that are available to him.  *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir. 2002).  Administrative remedies are unavailable to an inmate when prison officials do not respond to his grievance(s).  *Id.*; *see also Wyma v. Siddiqui*, 18-cv-92-NJR, 2019 WL 570615, *3 (S.D. Ill. Feb. 11, 2019).  While Defendants contend that there is no record Plaintiff submitted the May 17, 2018 and August 4, 2018 emergency grievances, Plaintiff testified to the contrary.  As the non-movant, all doubts must be resolved in Plaintiff's favor.

Defendant Lashbrook is, however, entitled to summary judgment on Count 5.  Plaintiff contends that he did not have to submit a grievance regarding his conditions of confinement as a member of the general population in North #2 cell house because he had already submitted grievances regarding the conditions of confinement in segregation.  Plaintiff's complaints regarding the conditions in his segregation cell did not alert prison officials that his general population cell was also unsanitary.  His complaints regarding the conditions in segregation did not give prison officials the opportunity to address conditions elsewhere in the prison.

## Conclusion

For the above reasons, Defendants' Motion for Summary Judgment (Doc. 38) is

**GRANTED IN PART and DENIED IN PART**. Defendants failed to meet their burden on summary judgment for Counts 3 and 4, and therefore Plaintiff's claims in Counts 3 and 4 shall remain pending against Defendants Mitchell, Hart, Brookman, Lashbrook, and Baldwin. Count 5 shall be dismissed without prejudice; the Clerk of Court is directed to enter judgment accordingly at the conclusion of this case.

**IT IS SO ORDERED.**

**DATED: February 17, 2021**

               s/ *Reona J. Daly*
               **Hon. Reona J. Daly**
               **United States Magistrate Judge**