IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE SMITH, #N-01634, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. 19-cv-637-RJD |
| ) | |
| JACQUELINE LASHBROOK and ) | |
| KENT BROOKMAN, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Tyrone Smith, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), sets forth claims pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Stateville Correctional Center and Menard Correctional Center. Following a threshold review of Plaintiff's claims under 28 U.S.C. § 1915A and an order on summary judgment, Plaintiff is proceeding to trial on an Eighth Amendment claim against Defendants Jacqueline Lashbrook and Kent Brookman for allegedly subjecting Plaintiff to unconstitutional conditions of confinement in segregation at Menard as punishment for a disciplinary ticket.

Before the Court are the motions in limine filed by Defendants (Doc. 69). Plaintiff filed a timely response (Doc. 73), and the undersigned heard argument regarding the motions at the Final Pretrial Conference held on September 19, 2022.

**Defendants' Motion in Limine #1**

Defendants assert Plaintiff should be barred from offering testimony or otherwise

suggesting the State of Illinois will indemnify Defendants. Plaintiff does not intend to offer evidence of indemnification. Defendants' Motion in Limine #1 is **GRANTED**.

**Defendants' Motion in Limine #2**

Defendants assert Plaintiff should be prohibited from offering evidence or testimony of other lawsuits involving Defendants. Defendants argue such testimony is not relevant under Federal Rule 401 and constitutes inadmissible character evidence under Rule 404(b). Defendants also argue that even if such testimony or evidence is relevant, the danger of unfair prejudice, misleading the jury, and confusing the issues far outweigh the probative value of such evidence.

Plaintiff asserts evidence of other lawsuits, including references and inquiries of Defendants, is not to prove Defendants' character, but rather to show Defendants were on notice of the conditions at Menard Correctional Center. At the Final Pretrial Conference, Plaintiff's counsel explained his exhibits 3-7 include other lawsuits that name Defendants and relate to cell conditions. Counsel explained this evidence would come in during testimony at trial to show notice of the conditions of confinement. In response to these arguments, counsel for Defendants asserted Defendants have never been found they had knowledge of unconstitutional cell conditions in the cases cited by Plaintiff. Counsel for Defendants also argued these other cases are not relevant as they were not filed by Plaintiff and, although they may relate to cells in the same cellhouse as Plaintiff's claims, they may not be the same cell or the same period of time.

Defendants' Motion in Limine #2 is **TAKEN UNDER ADVISEMENT**.

**Defendants' Motion in Limine #3**

Defendants assert Plaintiff should be prohibited from offering evidence or testimony of any misconduct, reprimand, or grievance issued against Defendants. Defendants assert such evidence is irrelevant and, even if relevant, the danger of unfair prejudice, misleading the jury, and

confusing the issues far outweigh the probative value of such evidence.

Plaintiff does not intend to introduce evidence of Defendants' disciplinary history or other misconduct or reprimands. Insofar as Defendants' Motion in Limine #3 relates to Defendants' disciplinary history or misconduct, the Motion is **GRANTED**.

Insofar as it relates to grievances written or filed against Defendants, it is **TAKEN UNDER ADVISEMENT**. As Plaintiff's counsel explained at the Final Pretrial Conference, he intends to introduce evidence of grievances Plaintiff submitted complaining about the conditions in his cell. The Court generally finds that grievances are inadmissible hearsay. However, such records may be admissible if they are relevant and are not being offered for the truth of the matter asserted.

**Defendants' Motion in Limine #4**

Defendants assert Plaintiff should be prohibited from offering evidence or testimony referencing any "Golden Rule" appeal. Plaintiff agrees that neither Plaintiff nor Defendants should make an improper "Golden Rule" argument to the jury. Defendants' Motion is **GRANTED**.

**Defendants' Motion in Limine #5**

Defendants assert Plaintiff should be prohibited from offering his own grievances as evidence. Defendants argue Plaintiff would be offering said grievances for their truth and, as such, they are inadmissible hearsay.

Similar to Defendants' Motion in Limine #3, the Court generally finds that grievances are inadmissible hearsay. However, such records may be admissible if they are relevant and are not being offered for the truth of the matter asserted. As such, Defendants' Motion in Limine #5 is **TAKEN UNDER ADVISEMENT**.

**Defendants' Motion in Limine #6**

Defendants assert Plaintiff should be prohibited from offering any documents, testimony or other evidence not expressly produced in written discovery. Plaintiff asserts he does not intend to introduce any documents not produced in written discovery, but explains Plaintiff's testimony should not be limited to questions asked during deposition. Defendants' Motion is **GRANTED** to the extent documentary evidence not already produced shall be barred. However, insofar as this Motion could be construed as an attempt to bar certain testimony that may be elicited from witnesses, it is **DENIED**.

**Defendants' Motion in Limine #7**

Defendants assert Plaintiff should be prohibited from introducing any affidavits produced by Plaintiff or other potential witnesses during discovery. Defendants contend such evidence would contain statements of inadmissible hearsay for which no exception applies. Plaintiff asserts Defendants fail to cite any specific affidavit or statements that would constitute inadmissible hearsay. The Court agrees and finds it is impossible to evaluate the admissibility of statements that it has not reviewed. Defendants' Motion is **TAKEN UNDER ADVISEMENT**.

**IT IS SO ORDERED.**

**DATED: September 19, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**